2008 UT App 304

**STATE of Utah, Plaintiff and Appellee,**

v.

**Charles Brandon PETERSON, Defendant and Appellant.**

**No. 20080115–CA.**

Court of Appeals of Utah.

Aug. 14, 2008.

Scott L. Wiggins, Salt Lake City, for Appellant.

Mark L. Shurtleff, Atty. Gen., and Joanne C. Slotnik, Asst. Atty. Gen., Salt Lake City, for Appellee.

Before Judges BENCH, DAVIS, and ORME.

## MEMORANDUM DECISION

PER CURIAM:

¶ 1 Charles Brandon Peterson pleaded guilty to one count of assault by a prisoner, a third degree felony, in violation of Utah Code section 76–5–102.5. *See* Utah Code Ann. § 76–5–102.5 (2003). At the change of plea hearing, the district court told Peterson that any motion to withdraw his guilty plea must be filed in writing prior to the date of sentencing. At sentencing, Peterson's counsel represented that Peterson wished to make a motion to withdraw his guilty plea after his

review of the presentence investigation report. The district court responded:

> It has to be filed in writing prior to the day of sentencing, and he was told that at the day. I have nothing in the file to indicate that he's done that, so he doesn't have that option any longer.

Peterson's counsel then requested an extension of the time in which to file a written motion, which was not opposed by the prosecutor. The district court denied the request, stating:

> I think the statute is very clear. And if, in fact, he—any kind of a notification to the Court [sic.]. He could have handwritten it, and I would have accepted it. But for him to show up at the time of sentencing and say, no, I don't like the recommendation so I want to withdraw my plea, I'm going to deny the motion. We're going to go ahead with sentencing.

Peterson appeals the denial of his motion to withdraw his guilty plea, claiming that the district court misinterpreted Utah Code section 77–13–6(2)(b) by ruling that Peterson had waived his right to move to withdraw his guilty plea by not filing a written motion prior to the sentencing hearing. The State agrees, and this case is before the court on a stipulated motion for summary reversal.

¶ 2 The district court's denial was based on procedural grounds and not on consideration of the merits of any motion to withdraw. Section 77–13–6(2)(b) provides that "[a] request to withdraw a plea of guilty ... shall be made by motion before sentence is announced." *See* Utah Code Ann. § 77–13–6(2)(b) (Supp.2007). The plain language of section 77–13–6(2)(b) requires a motion to withdraw to be made before the sentence is announced; however, it does not support the district court's ruling that the motion must have been filed in writing before the sentencing hearing began. *See id.* In addition, rule 12(a) of the Utah Rules of Criminal Procedure requires motions to be in writing "unless made during a trial or hearing." Utah R.Crim. P. 12(a). Peterson orally moved to withdraw his guilty plea at the sentencing hearing, before announcement of the sentence. Under the plain language of section 77–13–6(2)(b), the motion was both properly

made and timely. *See* Utah Code Ann. § 77–13–6(2)(b). The district court should have either considered the oral motion on its merits or continued sentencing to allow the filing of a written motion, as requested by Peterson.

¶ 3 Accordingly, we grant the stipulated motion for summary reversal, vacate the sentence, and remand the case to the district court for consideration of the motion to withdraw the guilty plea on its merits and for resentencing as necessary.